### THE IMPORTERS' AND TRADERS' NATIONAL BANK *v.* KNIGHT.

[No. 2,121. Filed October 8, 1897.

APPEAL AND ERROR.—*Bill of Exceptions.*—A bill of exceptions that was not filed with the clerk after it was signed by the judge is no part of the record. *p. 258.*

SAME.—*Leave to Withdraw Record for Amendment, When Not Granted.* —A motion for leave to withdraw record in order that the trial judge may file the bill of exceptions as provided by statute, where the cause has been submitted to the Appellate Court for more than a year, will be overruled. *pp. 258, 259.*

From the Delaware Circuit Court. *Affirmed.*

*Wood & Ellis, A. M. Wagner, J. Bingham* and *J. R. Long,* for appellant.

*W. W. Orr,* for appellee.

BLACK, J.—The questions which the appellant has sought to present cannot be decided, if, as suggested by counsel for the appellee, the bill of exceptions in

the transcript purporting to contain the evidence and the instructions to the jury may not properly be regarded as a part of the record. Immediately preceding the bill of exceptions is the following: "Be it remembered that on the 12th day of July, 1895, the following bill of exceptions was filed in the clerk's office of the Delaware Circuit Court, in these words, to wit:" At the end of the bill, immediately preceding the signature of the judge, is the following: "And now, this 12th day of July, 1895, plaintiff tenders this its bill of exceptions, and prays that the same may be signed, sealed, and made a part of the record, which is done, this 13th day of July, 1895."

It does not appear that the bill was filed after it was signed by the judge. In *Makepeace* v. *Bronnenberg*, 146 Ind. 243, where, so far as the record disclosed, the only filing of a bill of exceptions set out in the transcript was before it was signed by the judge, our Supreme Court refused for this reason to treat it as part of the record. The court said: "The settling and signing of a bill of exceptions is a judicial act, and in the absence of the judge's signature it can have no existence or validity. After it has received his signature it must be filed in order to become a part of the record." See, also, *Louisville, etc., R. R. Co.* v. *Schmidt*, 147 Ind. 638.

We must sustain the appellee's objection, and hold that the bill is not a part of the record.

The appellant has filed its motion in this court for permission to withdraw the record from the files of the court, to have the judge of the Delaware Circuit Court file this bill of exceptions with the clerk of that court in the clerk's office of that county, "and thereupon cause said clerk to amend said record by showing the filing of said bill of exceptions with the clerk of said court, and recertify the same as amended to this court."

The transcript for this appeal, with the appellant's assignment of error, was filed in the office of the clerk of this court on the 6th of June, 1896, a short time before the expiration of the period within which an appeal could be brought, the judgment below having been rendered on the 31st of May, 1895. The cause was submitted on the 5th of June, 1896, and briefs upon the merits have been filed by both parties. The motion for permission to withdraw the record above mentioned was filed on the 22d day of June, 1897.

The duty of counsel to examine the transcript before it is filed, and the necessity of bringing before this court a perfect record need not be dwelt upon.

The application of the appellant is for permission to place the bill of exceptions in the hands of the trial judge, where it was more than two years ago, when he signed it, so that he may hereafter cause it to be filed. The statute, section 641, Burns' R. S. 1894 (629, Horner's R. S. 1896), provides that the party objecting within the time allowed, must present the bill of exceptions to the judge, "which, if true, he shall promptly sign and cause it to be filed in the cause; if not true, the judge shall correct, sign, and cause it to be filed without delay. When so filed it shall be a part of the record; and delay of the judge in signing and filing the same shall not deprive the party objecting, of the benefit thereof."

The bill is not part of the record of the cause until filed therein. It is not asked by the appellant that we require that a part of the record existing in the court below, but not properly shown in the transcript here, be certified up to this court, nor does it seek delay until it shall have caused an entry to be made in the court below *nunc pro tunc*, with the purpose of taking the proper proceedings to bring it before us when made; but it asks permission to seek the making of an

original part of the ·record in a cause long after the time allowed by law to appeal from the judgment therein, and long after the bringing of the appeal, and when the cause is ready for decision here.

The provision of the statute relating to delay of the judge in signing and filing, contemplates his retention of the bill in his possession or control, and not a signing or filing upon a new presentation such as is here proposed. No delay of the judge is suggested, and it is in effect admitted that the bill in the transcript is not a part of the record, either in this court or in the court below, it never having been filed.

If such an application ought to be granted in any case, it would seem that the delay in making it in this case would be sufficient reason for denying it.

The motion for leave to withdraw the record is overruled, and the judgment is affirmed.